UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARDO JOSE FUENMAYOR OCHOA, *Petitioner-Plaintiff,* <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, TODD LYONS, in his official capacity as Director of the U.S. Immigration and Customs Enforcement, WILLIAM JOYCE, in his official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement; ROBERT F. KENNEDY, JR. in his official capacity as Secretary of Health and Human Services; ANGIE SALAZAR, in her official capacity as Acting Director of the Office of Refugee Resettlement; PAUL ARTETA, in his official capacity as Warden of Orange County Jail; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; U.S. Department of Health and Human Services; U.S. Office of Refugee Resettlement. <br> *Respondents-Defendants.* | Civil Action No.: <br><br> PETITIONER'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL |

**PETITIONER'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

Petitioner, Eduardo Jose Fuenmayor Ochoa, respectfully submits this motion for leave to file under seal the exhibits in support of his petition for writ of habeas corpus. The exhibits, Exhibits A-E, are attached to this motion. Leave to file under seal is warranted because the

1

supporting exhibits include personally identifying information about the Petitioner, including his A number, his immigration detention history as a minor, sensitive information about his physical and mental health, his status as a survivor of human trafficking and abuse, and the circumstances of the past approximately eight months in custody as a minor; any public interest in personal documents is minimal.

## BACKGROUND

Petitioner is an 18-year-old young man eligible for various forms of immigration relief. He has a long history of severe and complex trauma that has contributed to his ongoing and mental health issues. Eduardo first entered the United States in July 2023 and was placed in the custody of the Office of Refugee Resettlement ("ORR") on or about July 16, 2023 and designated an Unaccompanied Child ("UC"). He was released to an approved sponsor days later on July 25, 2023. Years later, on August 8, 2025, Immigration and Customs Enforcement ("ICE") arrested and detained Eduardo without notice, placing him in the custody of the ORR in New York State. He remained detained for almost 8 months, until he was transferred to ICE custody on his 18th birthday, April 4, 2026.

For several months, Eduardo's immigration counsel and appointed Young Center advocate advocated that he be released on recognizance ("ROR'ed") to his sister who had submitted all required sponsorship documents. However, on April 4, 2026, Eduardo's 18th birthday, ICE agents detained Eduardo and transferred him to a holding room at 26 Federal Plaza; he has been detained since and is currently in custody at the Orange County Jail in Goshen, New York. Petitioner brings the instant petition for a writ of habeas corpus seeking immediate release from custody or in the alternative, a bond hearing by this Court. He now submits this motion for leave to file under seal the exhibits to protect his confidential and sensitive information.

In support of his petition, Petitioner includes five exhibits corroborating his experiences with U.S. immigration authorities, including: Office on Trafficking In Persons (OTIP) Eligibility Letter issued by the Department of Health and Human Services ("HHS") (Exhibit A), confirmation of his detention at Orange County Jail (Exhibit B), a Child Advocate Best Interests Determination letter in support of Eduardo's Release on Recognizance (Exhibit C), a sworn declaration by his immigration attorney, Dalilah Negrete (Exhibit D), and a post-18 plan for release (Exhibit E). These documents and correspondence (Exhibits A through E) include sensitive personal identifying information, including, for example, Eduardo's A number, which would allow anyone to access information about his immigration legal proceedings. Finally, the OTIP letter, sworn declaration and the Best Interests Determination letter contain detailed and sensitive information about Eduardo's time in ORR custody as a minor, including abuse he experienced while detained and its impact on his mental health, and his status as a trafficking survivor.

## LEGAL STANDARD

The Second Circuit has articulated a three-step process to determine whether documents should be placed under seal. *See Lugosch v. Pyramid Co.*, 435 F.3d 100, 119-120 (2d Cir. 2006). First, the court must determine whether the documents are "judicial documents" such that the presumption of access attaches. *Id.* A "judicial document" is an "item . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)). Second, once the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts [*i.e.*, the public]." *Id.* (quotation omitted).

3

"Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quotation omitted). "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120. (quotation omitted). "Such countervailing factors include . . . 'the privacy interests of those resisting disclosure.'" *Id.* (quotation omitted). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001). The proponent of the sealing bears the burden of demonstrating that any document submitted to the court should be sealed. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

## ARGUMENT

### I. The Exhibits Include Sensitive Information About Eduardo, Including About Events That Occurred When He Was A Minor

As a general matter, Exhibits A through E include sensitive information related to Petitioner's immigration status, basis for seeking immigration relief, and experiences in ORR custody. Eduardo has a long history of severe and complex trauma that has contributed to ongoing physical and mental health issues documented throughout the exhibits. Specifically, the sworn declaration and Child Advocate Best Interests Determination letter contain highly sensitive information about Petitioner's immigration status, conditions in ORR custody, and his physical and mental health. He also submits an OTIP letter demonstrating his status as a trafficking survivor. Such "matters that are highly sensitive and of a personal nature" should not be subject to public disclosure. *R.F.M. v. Nielsen,* 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019) (quoting Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008)). Protecting the privacy interests of minor children may further weigh against disclosure. *U.S. v. Litvak*, No. 13-CR-19, 2015 WL 328876, at

4

*2 (D. Conn. Jan. 23, 2015) (holding that documents containing a child's medical and educational status should not be disclosed). Further, there are protections under both New York law and the federal rules for treating immigration matters with sensitivity. *Id*. at 371 (citing N.Y. Fam. Ct. Act § 166 and Fed. R. Civ. P. 5.2(c)). Finally, the Child Advocate Best Interests Determination letter contains details about the Petitioner's arrest history that took place when he was still a minor. In general, youthful offender adjudications are treated as confidential and sensitive documents as a matter of law in New York State. N.Y. Crim. Proc. Law § 720.15 (McKinney 2026). All of the exhibits include Petitioner's A number and details about his immigration history. For the same reasons that public access to immigration matters in the federal courts is limited under Fed. R. Civ. P. 5.2(c), maintaining these exhibits under seal is warranted.

## II. Any Public Interest in Petitioners' Personal Documents Is Minimal

Although judicial documents are subject to a "presumptive right of public access," *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995), that right is "not absolute," *Nixon v. Warner Commc'ns, Inc*, 435 U.S. 589, 598 (1978). Courts may consider factors of judicial efficiency and privacy interests. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Here, the facts and information in the exhibits Petitioner seeks to file under seal are not central to the legal questions posed by Petitioner's petition for writ of habeas corpus, which concerns the legality of his continued detention. Therefore, the public interest in these documents is minimal as weighed against Petitioner's privacy interests in maintaining the confidentiality of facts concerning his immigration matters. The government will not be prejudiced by the filing of these documents under seal as they will have access as a party to the case.

### CONCLUSION

For the reasons stated above, the Court should grant leave to file Petitioner's supporting exhibits under seal.


Dated: April 16, 2026                                    Respectfully Submitted,


                                                         /s/ Beth D. Baltimore
                                                         Beth D. Baltimore
                                                         Lauren Fouda
                                                         Jamie Kessler
                                                         THE DOOR'S LEGAL SERVICES CENTER
                                                         121 Avenue of the Americas, 3rd Floor
                                                         New York, New York 10013
                                                         917-701-9130
                                                         bbaltimore@door.org


                                                         *Attorneys for Petitioner*