UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDUARDO JOSE FUENMAYOR OCHOA,

                      Petitioner,

-against-

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, TODD LYONS, in his official capacity as Director of the U.S. Immigration and Customs Enforcement, WILLIAM JOYCE, in his official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement; ROBERT F. KENNEDY, JR. in his official capacity as Secretary of Health and Human Services; ANGIE SALAZAR, in her official capacity as Acting Director of the Office of Refugee Resettlement; PAUL ARTETA in his official capacity as Warden of Orange County Jail; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; U.S. Department of Health and Human Services; U.S. Office of Refugee Resettlement.,

                      Respondents.

Case No. 1:26-cv-03136 (JLR)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Petitioner Eduardo Jose Fuenmayor Ochoa ("Petitioner") entered the United States as an unaccompanied child and was placed in the custody of the Office of Refugee Resettlement ("ORR") in July 2023. Dkt. 2 (the "Petition" or "Pet.") ¶ 5. The same month, he was released to his mother, who, at that time, was his approved sponsor, in Texas. *Id.* ¶ 5, 7. On August 8, 2025 — while on probation for a prior juvenile conviction, *id.* ¶ 34 — Petitioner was arrested on additional juvenile charges and, as a result, re-detained by ORR. *Id.* ¶ 7. Those charges were

1

later dismissed, *id.* ¶ 35, but Petitioner remained in ORR detention, during which he turned eighteen and, thus, aged out of ORR custody, *id.* ¶ 10. Although ORR recommended that he be released to his sister upon ageing out, ICE instead detained Petitioner on or about April 4, 2026. *Id.* ¶ 45. He now petitions for a writ of habeas corpus under 28 U.S.C. § 2241. *See id.*

By Order entered April 17, 2026, the Court scheduled a conference for April 29, 2026, and directed Respondents to submit a letter by April 20, 2026, addressing, among other things, whether there is any basis to distinguish this case from this Court's previous decision on detention under 8 U.S.C. §§ 1225/1226, *Guzman Andujar v. Francis*, 815 F. Supp. 3d 248 (S.D.N.Y. 2025), and, if not, whether Respondents would consent to issuance of the writ, subject to preservation of Respondents' arguments for appeal. *See* Dkt. 8. On April 20, 2026, Respondents filed their letter. *See* Dkt. 11 ("Resp. Ltr."). That letter states that "the Court can decide this matter without further briefing." *Id.* at 2. Specifically, Respondents concede that "on the primary legal issue presented in this case — whether the statutory authority for Petitioner's detention is 8 U.S.C. § 1226 or 8 U.S.C. § 1225(b)(2)(A) — this case is not materially distinguishable from" *Guzman Andujar*, and that "such decision would control that legal issue if the Court adheres to [that] prior decision." *Id.* at 1-2.

Not only does the Court adhere to its decision in *Guzman Andujar*, but the Second Circuit has now affirmed that approach. *See Da Cunha v. Freden*, No. 25-3141, --- F.4th ---, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). Accordingly, the Petition for the writ of habeas corpus is GRANTED.

However, the parties disagree on the proper remedy here. According to Respondents, and notwithstanding their previous concession, "this case is materially different from *Guzman Andujar*" on the issue of remedy, "because Petitioner received an individualized assessment of dangerousness" sufficient for detention under 8 U.S.C. § 1226(a). Resp. Ltr. at 2. Thus, they

believe a bond hearing before an immigration judge is appropriate. *Id.* Petitioner disagrees, arguing that his immediate release is the only appropriate remedy. Dkt. 13 ("Pet. Ltr.") at 1. For the following reasons, the Court agrees with Respondents that a bond hearing is the appropriate remedy, and Petitioner's request for immediate release is denied.

8 U.S.C. § "1226(a) and its implementing regulations require ICE officials to make an individualized custody determination," *Velesaca v. Decker*, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2020), specifically on the basis of the "only two valid purposes for civil detention: to mitigate the risks of danger to the community and to prevent flight," *Lopez v. Sessions*, No. 18-cv-04189 (RWS), 2018 WL 2932726, at *10 (S.D.N.Y. June 12, 2018)). When such an individualized determination is not performed, a bond hearing is an inadequate remedy because there is no decision for the immigration judge to review. *See, e.g.*, *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494, 499 (S.D.N.Y. 2025) (explaining that "[a]t a minimum, . . . § 1226(a) requires a valid exercise of DHS's discretion," and ordering petitioner's release where ICE made no individualized assessment); *Guzman Andujar*, 815 F. Supp. 3d at 263 (ordering petitioner's release where "DHS exercised *no discretion at all*"); *Campbell v. Almodovar*, No. 25-cv-09509 (JLR), 2025 WL 3538351, at *12 (S.D.N.Y. Dec. 10, 2025) (same). But for noncitizens who receive such a determination, a bond hearing is the appropriate remedy. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))); *Vizhco Chunchi v. Francis*, No. 25-cv-10249 (ER), 2026 WL 249676, at *3 (S.D.N.Y. Jan. 30, 2026) ("Courts in this district have held that a bond hearing, instead of outright release, is the appropriate remedy when petitioners fail to meet their burden to show that ICE did not make individualized assessment prior to the detention.").

Here, Respondents conducted an "age-out custody review" for Petitioner, in compliance

with the Trafficking Victims Protection Reauthorization Act ("TVPRA").  *See* Dkt. 11-1 ("Age-Out Worksheet").  Under that statute, if an unaccompanied minor in ORR's custody "reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting available after taking into account the [non-citizen]'s danger to self, danger to the community, and risk of flight."  *R.A.R.R. v. Almodovar*, --- F. Supp. 3d ---, 2026 WL 323040, at *5 (E.D.N.Y. Feb. 6, 2026) (quoting 8 U.S.C. § 1232(c)(2)(B)).  The Age-Out Worksheet for Petitioner establishes that ICE considered these factors.  ICE's conclusion that Petitioner is a flight risk and danger to the community constitutes both compliance with the TVPRA and a sufficient individualized determination for purposes of § 1226(a) to make a bond hearing the proper remedy here.  *Cf. Guachambala v. Lyons*, No. 26-cv-01835 (GBD), 2026 WL 686154, at *2 (S.D.N.Y. Mar. 10, 2026) (ordering bond hearing where the government's knowledge of petitioner's outstanding criminal charge "suggest[ed] the [g]overnment may have exercised some discretion in detaining [p]etitioner"); *see also, e.g.*, *Sharifzoda v. Orange Cnty. Jail*, No. 26-cv-02486 (KMK), 2026 WL 851378, at *2 (S.D.N.Y. Mar. 27, 2026) (finding same and collecting cases).

The Age-Out Worksheet, which demonstrates an individualized assessment of Petitioner's risk of flight and danger to the community, distinguishes this case from those in which ICE fails entirely to conduct age-out analysis under the TVPRA or otherwise fails to exercise its discretion with respect to detention under § 1226(a).  *See, e.g.*, *R.A.R.R.*, --- F. Supp. 3d ---, 2026 WL 323040, at *7-8 (finding violation of due process and ordering release from custody where ICE detained age-out petitioner without considering least-restrictive placement under TVPRA); *Lopez*, 2018 WL 2932726, at *10, *15 (finding that ICE violated APA by failing to consider placement in least restrictive setting for age-out petitioner and ordering release).  Petitioner's reliance on *Martinez v. Mullin*, No. 26-cv-02858 (LAK), 2026 WL 1011349

(S.D.N.Y. Apr. 14, 2026), *see* Pet. Ltr. at 3 n.3, is therefore inapt.  There, as here, ICE detained the petitioner after he turned eighteen in ORR custody.  *Martinez*, 2026 WL 1011349, at *1.  But in that case, "[t]here [wa]s no evidence in the record that respondents detained [the petitioner] . . . for any reason other than his status as a noncitizen," and the "[r]espondents d[id] not argue in any meaningful sense that he was a flight risk or a risk to public safety."  *Id.* at *2.  Moreover, the respondents in that matter "assert[ed] that [the petitioner] is detained pursuant to [§ 1225] only," and thus made no argument that he had been given an individualized assessment for purposes of detention under § 1226(a).  *Id.*  In contrast, here Respondents have provided documentation of their TVPRA analysis, which was conducted prior to detention by ICE.  This determination constitutes an individualized assessment in satisfaction of § 1226(a).

Petitioner argues that "[d]etention cannot constitute the least restrictive setting under the TVPRA."  Pet. Ltr. at 3.  Petitioner cites no authority for such a *per se* rule.  Rather, "regardless of whether an age out is detained under Section 1225(b) or Section 1226(a), that age-out must be afforded Section 1232(c)(2)(B)'s protections."  *Garcia Ramirez v. U.S. Immigr. & Customs Enforcement*, 812 F. Supp. 3d 86, 99 (D.D.C. 2025).  The record here demonstrates that Petitioner was given those protections through the age-out review and determination.  The fact that ICE's supervisor overruled the other officers' recommendations, *see* Pet. Ltr. at 2, does not render the agency's final determination arbitrary and capricious.  *See Pacheco Benavente v. Decker*, No. 20-cv-02968 (GBD), 2020 WL 4195020, at *3 (S.D.N.Y. July 21, 2020) (finding that, where ICE documentation established that ICE listed petitioner's aunt as possible sponsor but reviewed his criminal history and determined him to be danger to community and flight risk, "there is no indication that Respondents did not follow the requirements of the TVPRA, nor was it beyond the bounds of reasoned decision-making for Respondents to determine that detention at OCJ was the most appropriate option for Petitioner, in light of his immigration status and

5

criminal history"). And while Petitioner argues that "Respondents did not provide [him] or his attorney with notice to be heard as to their determination that he presented a danger and was a flight risk," Pet. Ltr. at 1, his Child Advocate submitted a letter to ICE ahead of the agency's completion of the Age-Out Worksheet to argue that release was in Petitioner's best interests and no hearing is required. *See* Dkt. 13-2 at 2 (April 1, 2026 letter from Young Center noting impending age-out on April 4 and arguing that Petitioner "is neither a danger to himself nor the community, nor is he a flight risk"); *see also Lopez Benitez*, 795 F. Supp. 3d at 494 ("[T]he [c]ourt does not hold that some sort of adversarial hearing-like process is required before DHS may exercise its discretion to detain a noncitizen under § 1226(a). Nor does the [c]ourt hold that DHS must engage in a painstaking review of every facet of a noncitizen's history and characteristics before doing so.").

Finally, while Petitioner alleges that ORR should have promptly released him to the custody of his sister before he aged out of its custody, Pet. ¶ 96; Pet. Ltr. at 2, he is no longer in ORR custody, and habeas claims do not apply to previous detentions. *See Wells v. Annucci*, No. 19-cv-03841 (LLS), 2019 WL 2209226, at *2 (S.D.N.Y. May 21, 2019) (holding that petitioner "may not seek *habeas corpus* relief under § 2241 for [a] past custody"); *Trzuskot v. New York*, No. 24-cv-07110 (AT) (RFT), 2025 WL 3274255, at *7 (S.D.N.Y. Oct. 9, 2025) ("A petitioner may not seek habeas relief based on incarcerations that have already ended."), *report and recommendation adopted*, 2026 WL 1102528 (S.D.N.Y. Apr. 23, 2026). In any event, the documents Petitioner has submitted suggest that his prolonged pre-ICE detention with ORR may not have been solely attributable to ORR. *Compare* 45 C.F.R. § 410.1205(b) (requiring that ORR "adjudicate the completed sponsor application of a parent or legal guardian . . . within 10 calendar days of receipt of the completed sponsor application, absent an unexpected delay (such as a case that requires completion of a home study)"), *with* Dkt. 3-3 at 4-5 (letter from

6

Petitioner's Child Advocate dated March 30, 2026, advocating for release to sister and explaining that a "home study request was submitted on October 14, 2025," that the "home study report was completed on November 3, 2025," and that "[t]he result was negative"), *and id.* at 2 (noting ten-day delay in sponsorship application as of March 2026 because Petitioner's sister "had to have her DNA tested again as the initial swab had a low-DNA result"), *and id.* at 5 (noting that ORR scheduled Petitioner's sister for in-person vetting appointment three days after Child Advocate submitted expedited request for same).

Therefore, the Court GRANTS Petitioner's habeas petition to the extent he seeks a bond hearing. Given Petitioner's age, and in light of Petitioner's prior ORR detention as a youth and the issues arising from youth detention as outlined by amici, *see generally* Dkt. 14-1, that bond hearing shall be held expeditiously. By **May 4, 2026**, the immigration court must either (1) hold a bond hearing at which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk, or (2) release Petitioner. In determining whether to grant bond, the immigration judge must consider the availability of alternative conditions of release; in determining the amount of any bond imposed, the immigration judge shall consider the Petitioner's ability to pay. The petition is otherwise DENIED, and Petitioner's motion for release pending adjudication of his petition under *Mapp v. Reno* is DENIED as MOOT.

Dated: April 29, 2026
     New York, New York

SO ORDERED.

_Jennifer Rochon_____
JENNIFER L. ROCHON
United States District Judge

7